JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant Joshua Harayda appeals his sexual predator classification and sentence. We find merit to the appeal in part, affirm the sexual predator classification, and vacate Harayda's sentence and remand the case for resentencing.
 {¶ 2} On February 21, 2002, Harayda pled guilty to four counts of aggravated robbery, one count of rape, one count of kidnapping, one count of aggravated burglary, five counts of felonious assault, one count of attempted kidnapping, and one count of attempted aggravated murder. The rape count, one count of aggravated robbery, and two felonious assault counts had firearm specifications attached.[1] The trial court referred the matter for a presentence investigation report and, on March 19, 2002, conducted a sexual predator hearing and a sentencing hearing. The court classified Harayda as a sexual predator and sentenced him to a total of forty years incarceration.
 {¶ 3} Harayda asserts three assignments of error on appeal.
Sexual Predator Classification
 {¶ 4} In his first assignment of error, Harayda claims there was insufficient evidence to support his sexual predator classification.
 {¶ 5} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 6} Before declaring an offender a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(3). As stated in State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477:
 {¶ 7} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
 {¶ 8} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 9} Pursuant to R.C. 2950.09(B)(2), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender completed any sentence imposed for any conviction, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
 {¶ 10} We find that the record sufficiently supports Harayda's sexual predator classification. His raping the victim at gunpoint, with a blanket covering her head, displayed cruelty. Afterwards, he showed lack of remorse by taking two dollars from the victim. Furthermore, within several hours of the rape, he attempted to kidnap two more victims.
 {¶ 11} The record also reveals that Harayda preyed on numerous women within several months, thereby establishing a pattern. Harayda attempted to force four of the women into his car and one victim into her car. These victims were able to escape before Harayda was successful in his attempts to kidnap them. He attempted to slit the throat of one woman, who sustained a cut to her hand, requiring 17 stitches. This exhibited extreme cruelty.
 {¶ 12} Based on a review of the record, we cannot say that the trial court's finding is based on insufficient evidence. Accordingly, we affirm Harayda's classification as a sexual predator.
 {¶ 13} Harayda's first assignment of error is overruled.
Sentence Exceeded the Minimum
 {¶ 14} In his second assignment of error, Harayda claims the trial court erred in sentencing him to more than the minimum sentence without making the requisite findings pursuant to R.C. 2929.14(B). Harayda was previously sentenced to early intervention for a prior drug conviction, but has never served a prison term.
 {¶ 15} R.C. 2929.14(B) states, in pertinent part:
 {¶ 16} "If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 17} The Ohio Supreme Court declared in State v. Edmonson
(1999), 86 Ohio St.3d 324, 326, when considering the requirements of this statute:
 {¶ 18} "We construe this statute [R.C. 2929.14(B)] to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. By contrasting this statute with other related sentencing statutes, we deduce that the verb finds as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons."
 {¶ 19} A review of the transcript in the present case indicates that the trial court made no finding that either the minimum sentence would demean the seriousness of the crime or would not adequately protect the public from future crime. Although the trial court stated several times that it could not impose the minimum sentence for reasons it would later delineate, it never delineated its findings.
 {¶ 20} Therefore, because the trial court failed to make the requisite findings pursuant to R.C. 2929.14(B), Harayda's second assignment of error is sustained.[2]
 Aggregate Sentence Incorrect
 {¶ 21} In his third assignment of error, Harayda claims the trial court intended to impose an aggregate sentence of thirty-five years instead of the forty years it imposed.
 {¶ 22} The trial court stated at the conclusion of its imposition of sentence: "Basically, from my calculation, that translates into an aggregate term of 35 years in Lorain Correctional Institution." (TR. at 70). In fact, the prison terms totaled forty years.
 {¶ 23} We do not find that this statement by the trial court indicates its intent to impose a thirty-five year sentence. The trial court simply miscalculated in adding up the terms to come to an aggregate sentence. In any event, the sentence must be vacated due to the trial court's failure to comply with R.C. 2929.14(B). Therefore, any error can be resolved during the resentencing.
 {¶ 24} This assignment of error is overruled.
 {¶ 25} Sexual predator classification is affirmed; sentence is vacated and case remanded for resentencing.
This court finds there were reasonable grounds for this appeal. It is, therefore, considered that said appellant and appellee share the costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and TERRENCE O'DONNELL, J. CONCUR.
[1] Harayda also entered a plea at this time to offenses in a second case, Case No. 409799. He pled to six counts of breaking and entering, six counts of vandalism, and six counts of theft.
[2] Although we are vacating the sentence and remanding for resentencing, a new sexual predator hearing does not need to be conducted because R.C. 2950.09(B)(1) states that the sexual predator hearing can be held either prior to sentencing or as part of the sentencing hearing.